# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| JEREMY LESHUN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-01201-KOB-JHE |
| ) | |
| CHADWICK CRABTREE, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Jeremy Leshun Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction and life sentence for intentional murder in the Circuit Court of Lauderdale County, Alabama. (Doc. 1). On August 16, 2023, the magistrate judge entered a report recommending the court grant the respondents' motion for summary dismissal and dismiss the claims in the petition with prejudice. (Doc. 63). Williams filed timely objections.[1] (Doc. 64).

### A. Abandoned & Procedurally Defaulted Claims

Williams objects to the magistrate judge's determination that he abandoned his claims that counsel rendered ineffective assistance concerning Dr. Enstice's testimony about the victim's manner of death; the State's treatment of Jessica Jordan as a hostile

---

[1] Williams has requested that the court order the respondents to supply him with another copy of the habeas record because prison officials have "destroyed/lost/misplaced" his copy after recent "institutional shake downs." (Doc. 65 at 1). Williams does not state that he was without the habeas record when he prepared his objections or that the lack of the habeas record interfered with his ability to adequately prepare his objections. (Docs. 64, 65).

witness; biased jurors V.B. and G.I.; the State's comment that Williams had multiple girlfriends; Sergeant Holmes's testimony concerning blood evidence; and Sergeant Holmes's testimony based on hearsay. (Doc. 64 at 2).

Williams first contends that he did not abandon these claims. (Doc. 64 at 2). The Alabama Court of Criminal Appeals ("ACCA") determined that although Williams raised these claims in his post-conviction proceedings under Rule 32 of the Alabama Rules of Criminal Procedure, he did not appeal the claims to the ACCA and therefore abandoned them. (Compare Doc. 57-85 at 11–12 & n.2 *with* Doc. 57-85 at 16; Doc. 57-85 at 20 n.5). Because the ACCA concluded that Williams abandoned the claims, and he did not present them through one complete round of state court review, the magistrate judge concluded that they are unexhausted and procedurally defaulted (doc. 63 at 27–28). *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Indeed, the Eleventh Circuit Court of Appeals has held that a state court's finding that a claim is "abandoned" renders the claim "procedurally barred for federal habeas purposes." *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998).

In the alternative, Williams contends that the court must address the abandoned claims under *Martinez v. Ryan*, 566 U.S. 1 (2012) because the Rule 32 court denied his request for counsel during the evidentiary hearing, and he was unable to "properly appeal these claims." (Doc. 64 at 2). Generally, no constitutional right to counsel exists in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, the United States Supreme Court carved out an exception in *Martinez* and

2

held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 562 U.S. at 17. Thus, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9.

But *Martinez*'s exception is limited to a petitioner's failure to raise ineffective assistance of counsel claims in "initial-review collateral proceedings." *Id*. at 17. Williams did challenge these claims in his Rule 32 proceedings. (Doc. 57-35 at 13–16). However, he failed to *appeal* the claims to the ACCA. (Compare doc. 57-85 at 11–12 & n.2 *with* doc. 57-85 at 16; doc. 57-85 at 20 n.5). The Court in *Martinez* expressly stated that its decision did not apply to "appeals from initial-review collateral proceedings," such as appeals of Rule 32 proceedings, and "petitions for discretionary review in a State's appellate courts." 566 U.S. 15–16; *see Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1330 n.5 (11th Cir. 2021) ("The [Supreme] Court . . . made clear that *Martinez*'s holding did 'not concern attorney errors in . . . appeals from initial-review collateral proceedings.'") (citing *Martinez*, 566 U.S. at 16); *Lambrix v. Sec'y, Fla. Dep't of Corr*. 756 F.3d 1246, 1260 (11th Cir. 2014) (explaining that the *Martinez* rule is "expressly limited to attorney errors in initial-review collateral proceedings" and

3

not appeals from those proceedings). Thus, *Martinez* does not excuse Williams's failure to appeal these claims to the ACCA and the Alabama Supreme Court.

Williams also cites Alabama Rule of Criminal Procedure 32.7(c) as grounds that the Rule 32 court was required to appoint him counsel for the evidentiary hearing.[2] (Doc. 64 at 2–3). But Williams does not dispute that the Rule 32 court denied his motion to proceed *in forma pauperis* as improperly filed, (doc. 57-38 at 2), and he paid the filing fee (doc. 57-39; doc. 57-40; doc. 57-41). Because the Rule 32 court did not deem Williams indigent, and he has not demonstrated that the court found that he met any of the other requirements for appointment of counsel under Rule 32.7(c), he has not shown that he was entitled to counsel during his evidentiary hearing.

Williams further contends that this court's failure to address the abandoned claims will result in a fundamental miscarriage of justice because he acted in self-defense and is actually innocent of murder. (Doc. 64 at 2, 3). In support, Williams again references the book *Just Mercy* in which he alleges author Bryan Stevenson discussed Dr. Enstice's errors in past death investigations by concluding incorrectly that the death was a homicide. (Doc. 64 at 3–4).

But Williams does not address the magistrate judge's conclusion that even if the Eleventh Circuit followed other circuits in finding that self-defense establishes factual

---

[2] Alabama Rule of Criminal Procedure 32.7(c) provides, "If the court does not summarily dismiss the petition, and if it appears that the petitioner is indigent or otherwise unable to obtain the assistance of counsel and desires the assistance of counsel, and it further appears that counsel is necessary to assert or protect the rights of the petitioner, the court shall appoint counsel."

innocence and not merely legal innocence, Williams has not shown that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt (doc. 63 at 31–33). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). First, Williams's assertion that the information in *Just Mercy* supports that Dr. Enstice was mistaken about the victim's manner of death and that he acted in self-defense does not constitute new evidence because it is largely cumulative of what the jury heard through witness testimony and the admission of Williams's interview in which he claimed that the victim was the aggressor and he merely acted to protect himself (doc. 57-7 at 9–84; doc. 57-17 at 199; doc. 57-18 at 7–11, 19–21, 26, 52–65; doc. 57-67 at 49–51). *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1017–18 (11th Cir. 2012) (explaining that evidence is not "new" when the jury "heard the substance of virtually all of this evidence").

Second, Williams has not made a sufficient showing that it is more likely than not that no reasonable juror would have convicted him of murder if the details of Dr. Enstice's prior death cases in *Just Mercy* had been presented. Williams offers only speculation that the jury would have found him not guilty beyond a reasonable doubt. However, it is just as likely that the jury could have believed that while Dr. Enstice may have committed errors in prior investigations, she did not in this case based on the other evidence presented. New evidence "must do more than counterbalance the evidence that sustained the petitioner's conviction." *Rozzelle*, 672 F.3d at 1016–17; *Sibley v. Culliver*, 377 F.3d 1196, 1207 (11th Cir. 2004) (concluding that even if new evidence

showed the murder victim was the aggressor, "a reasonable juror could still quite possibly have concluded that [the petitioner] acted with murderous intent, rather than out of self-defense").

Based on the foregoing, Williams's objections based on these grounds are **OVERRULED**.

To the extent Williams argues that a fundamental miscarriage of justice will occur if the court does not consider his remaining procedurally defaulted claims including his *Batson* challenge, his claims that witnesses shared answers, the appointment of attorney Dane Perry, and juror bias (doc. 64 at 4–5), Williams has not established actual innocence as explained above, and his objections are **OVERRULED**.

### B.  Claims Considered on the Merits

Williams further objects to the magistrate judge's conclusion that he is not entitled to habeas relief concerning his claims that counsel rendered ineffective assistance by failing to object or properly preserve for review other instances of juror bias, video of Williams in jail garb, and trial counsel serving as appellate counsel (Doc. 64 at 5–7).  Additionally, Williams repeats his claims that the trial court was without jurisdiction to render the judgment or impose the sentence because it failed to declare a mistrial after: Sergeant Holmes provided inconsistent testimony about blood evidence; the State treated Jessica Jordan as a hostile witness without the court's permission; jurors displayed bias; and Sergeant Holmes's offered inadmissible hearsay testimony

6

regarding blood found on the couch. (Doc. 64 at 7). The magistrate judge found that Williams properly exhausted these claims through the state courts and therefore considered them on the merits. (Doc. 63 at 37–52).

Williams's objections simply rehash the claims in his petition. (Doc. 64 at 5–7). Critically, Williams's objections do not point to anything in the record that would overcome the deference afforded the ACCA's decisions or undermine the ACCA's reasoning for rejecting these claims on the merits. Consequently, this court cannot find that the ACCA's decisions were contrary to or involved an unreasonable application of clearly established Federal law or that the ACCA's decisions were based on an unreasonable determination of the facts in light of the evidence presented in the underling state court proceedings. *See* 28 U.S.C. § 2254(d)(1)–(2). Accordingly, Williams's objections based on these grounds are **OVERRULED**.[3]

After careful consideration of the record in this case and the magistrate judge's report, and Williams's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the respondents' motion for summary dismissal is due to be granted and the claims in the petition are due to be dismissed with prejudice. A Final Judgment will be entered.

---

[3] Williams clarifies that he did not intend to raise a free-standing claim of actual innocence but rather asserts "actual innocence based on newly discovered evidence" as an avenue to excuse procedural default. (Doc. 64 at 8).

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Williams's claims do not satisfy either standard.

**DONE** and **ORDERED** this 29th day of September, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE